Mikhail Ratner, Esq. (MR-6264)
EMERGENT LLP
*Attorneys for Defendant*
28 Liberty Street, 6th Floor
New York, NY 10005
Tel: (212) 498-9816
Email: mikhail@emergent.law

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FF SUPPLY, LLC d/b/a ZENITH INSURED CREDIT,<br><br>Plaintiff,<br><br>-against-<br><br>BF INTERNATIONAL CO., LTD.,<br><br>Defendant. | Case No.:<br><br>19-cv-03557<br><br>**<u>NOTICE OF REMOVAL</u>**<br><br>**Jury Trial Demanded** |

**PLEASE TAKE NOTICE** that defendant BF International Co., Ltd. ("BF International" or "Defendant"), by and through its attorneys, Emergent LLP, hereby removes this action, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, from the Supreme Court of the State of New York, County of New York ("State Court"), to the United States District Court for the Southern District of New York ("Federal Court"). In support of this Notice of Removal, BF International states the following:

1.  Plaintiff FF Supply, LLC d/b/a Zenith Insured Credit ("FF Supply" or "Plaintiff") commenced an action in the aforementioned State Court, captioned *FF Supply, LLC v. BF International Co., Ltd., Index No. 654942/2818* ("State Court Action"), on or about October 4,

2018.  A true and correct copy of the Summons and Complaint is attached herewith as **Exhibit 1**, which constitutes all pleadings and process in this action.

2. The Complaint in the State Court Ation ("Compl.") asserts claims, *inter alia*, for breach of contract and account stated, against BF International in connection with alleged failure to pay for goods and services purportedly provided by FF Supply.  Compl. ¶¶ 6-7.  The Complaint demands $2,965,704.04 in alleged damages.  *See id*. ¶ 8.

3. Plaintiff filed an Affidavit of Service ("AOS") of the pleadings in the State Court Action on March 14, 2019.  The AOS states, *inter alia*, that Defendant was served with process in the Republic of Korea, on or about December 18, 2018, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").  A true and correct copy of the AOS is attached herewith as **Exhibit 2.**

4. No responsive pleading has been filed in the State Court Action and the time within which to do so has not expired.

5. Defendant has not sought removal of the State Court Action previously.

6. This Notice of Removal is being filed in this Federal Court because it includes County of New York, where the State Court Action is pending.

7. The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b); Rule 311 of the New York Civil Procedure Law and Rules ("CPLR"); and Section 307 of the New York Business Corporation Law  ("BCL").[1]

---

[1] 28 U.S.C. § 1446(b) provides, in relevant part, that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court.

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(2),[2] because this is an action between a citizen of one of the States in the United States and a citizen of a foreign state, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## **DIVERSITY OF CITIZENSHIP**

9. "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10. As alleged in the Complaint, Plaintiff is a Delaware corporation with its principal place of business located in the State of New York, specifically 445 Park Avenue, New York, New York. Compl. ¶ 1. This makes Plaintiff a citizen of both Delaware and New York.

11. As Plaintiff further alleges in Complaint, Defendant is a foreign corporation "incorporated under the laws of the Republic of Korea, whose registered office is" also at a location in the South Korea. *See id.* ¶ 2.

---

Rule 311 of CPLR states that service on a "business corporation," like Defendant here, may be accomplished pursuant to "section . . . three hundred seven of the business corporation law." *See* CPLR § 311. Section 307 of BCL, in turn, provides that proof of service on a foreign corporation, such as Defendant, shall be in the form of affidavit and process papers "filed . . . within thirty days after such service" and "[s]ervice of process shall be complete ten days after such papers are filed." *See* BCL § 307(c)(1); *see also Tokio Marine & Nichido Fire Ins. Co. v. Canter*, 2009 WL 2461048, at *10 (S.D.N.Y. Aug. 11, 2009) (New York's requirement to file affidavit of service affects "the time within which a defendant must answer"). Here, because AOS was filed on March 14, 2019, service on Defendant was deemed complete on March 24, 2019 and Defendant, thus, has until April 23, 2019 to file a Notice of Removal. Accordingly, this Notice of Removal is timely.

[2] 28 U.S.C. § 1332(a)(2) provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state."

12. Plaintiff is a citizen of New York and Delaware; Defendant is a citizen of foreign country, namely South Korea. As a result, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a)(2).

## AMOUNT IN CONTROVERSY

13. Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

14. The Complaint demands $2,965,704.04 in monetary damages. Compl. ¶ 8.

## CONCLUSION

15. Complete diversity exists between Plaintiff, a citizen of two States, and Defendant, a citizen of a foreign country, and the amount in controversy exceeds $75,000.

16. Accordingly, this Federal Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

17. Defendant will provide Plaintiff with prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) and will file a copy of the same with the Clerk of the State Court where the Complaint was originally filed.

**WHEREFORE**, Defendant requests that this action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, NY
April 22, 2019

*/s/ Misha Ratner*
_____
Mikhail Ratner, Esq. (MR-6264)